**DIVISION 700, BROTHERHOOD OF LO-COMOTIVE ENGINEERS, et al., Plaintiffs,**

v.

**NATIONAL RAILWAY LABOR ARBI-TRATION BOARD NO. 282 et al., Defendants.**

**Civ. A. No. 2786-63.**

United States District Court District of Columbia.

Nov. 19, 1963.

Charles S. Rhyne and Max Malin, Washington, D. C., for the plaintiffs.

Harland F. Leathers, Dept. of Justice, Washington, D. C., for the defendants.

HOLTZOFF, District Judge.

The Court has before it an application for a temporary restraining order arising out of the following facts. In the summer of 1963 this country was threatened with the possibilities of a nation-wide railroad strike which, if it had occurred, might have been an economic disaster of catastrophic proportions. The strike would have been the result of certain disputes between the vast majority of the railroad companies of this country and the brotherhoods, that is, unions of railroad employees of various types.

The machinery provided by the Railway Labor Act for the mediation of railroad disputes had been exhausted and the parties had reached an impasse. Accordingly, in order to avert the possible disastrous consequences, Congress passed a Joint Resolution which was, in effect, emergency legislation. It was approved on August 28, 1963 and is known as Public Law 88–108 of the 88th Congress, Senate Resolution 102, 77 Stat. 132. This Act of Congress in effect provided for compulsory arbitration, something that was more or less of a novelty in labor relations in this country, of the principal grievances that divided the contending forces.

In order to effectuate this arbitration an Arbitration Board was to be organized under the Act which, in effect, would become a Federal administrative agency of

a temporary nature and with limited powers. This Arbitration Board was authorized to decide two disputes defined in Section 3 of the Act, namely, disputes regarding the use of firemen on other than steam power and regarding the "consist" of road and yard crews. The decision was to be made as between the parties who had served certain notices on each other, that is, the railroad brotherhoods and the carriers. The Board promptly instituted hearings.

A railroad known as the Union Railroad, which is a small railroad operating in Pittsburgh and is an affiliate of the United States Steel Corporation, its activities being limited to local transportation of freight, was listed by representatives of the carriers as one of the parties to the dispute and appeared and participated in the hearings. The plaintiff is a division of the Brotherhood of Locomotive Engineers representing the locomotive engineers of the Union Railroad. It objected to the action of the Arbitration Board in hearing and receiving testimony and permitting participation on the part of Union Railroad.

The objection was that the Union Railroad was not one of the parties to the dispute to which the Act of Congress referred. The Board, unfortunately, declined to express any opinion as to its jurisdiction over the dispute, taking the position apparently that this is a matter for subsequent determination by the courts. It, however, permitted the Union Railroad to continue participation in the hearings and in the proceedings. Consequently, it may be said that by its acquiescence the Board assumed jurisdiction of this aspect of the alleged dispute between the parties.

The plaintiff has filed suit against the Board and its members for a declaratory judgment to the effect that the defendants have no jurisdiction over employees represented by the plaintiff and a preliminary injunction as well as a temporary restraining order. The present application is for a temporary restraining order to restrain the defendants from taking any further action affecting the employment rights and working conditions of employees represented by the plaintiffs; in other words, in effect, to restrain the Board from making any award that would name or affect the employees of the Union Railroad.

As was pointed out by counsel, the legislation here involved is somewhat unusual. No constitutional question, however, as to the validity of the legislation is being raised. If it were, conceivably an application for the convening of a Three-Judge Court would be necessary. It is reasonable to assume, without deciding, that the Congress was invoking its power over interstate commerce and specifically over public utilities engaged in interstate commerce. Just as it has assumed power to regulate rates, through regulatory commissions, so it is now assuming power in this case to regulate working conditions, wages and similar matters through an Arbitration Board. An emergency may not create power, but it may give rise to an occasion to exercise a power that has been dormant or latent.

Counsel for the plaintiffs makes an argument of considerable substance to the effect that no dispute between the plaintiffs and the Union Railroad is within the four corners of the Act of Congress and no such dispute is submitted to the decision of the Arbitration Board. As the Court views the present application, however, it would be premature, in the exercise of its discretion, to decide this matter at this point. This Board was created to meet a national emergency of great magnitude. To intervene by a temporary restraining order with the functioning of the Board, even in part, before it concludes its work—and it has to conclude its work by November 26th—may seriously interfere with the laudable endeavor of the Congress to preclude the happening of the emergency that threatened the nation.

On the other hand, the plaintiffs are not without remedy. The statute expressly provides that the award to be made by the Board shall be subject to Section 9 of the Railway Labor Act. Section 9 of the Railway Labor Act, 45 U.

S.C. § 159, specifically provides that a petition to impeach the award may be filed in court after the filing of the award and the court may review the legality of the award in such a proceeding.

This Court is of the opinion that since there is an adequate remedy provided after the Board makes its award, the hands of the Board should not be stayed by a court of equity from filing an award in the first instance. This is in accord with the usual practice of the courts not to enjoin the conduct of a proceeding before an administrative agency before the proceeding is completed and the final decision is reached by the agency. Ordinarily court review is premature until the proceeding before the administrative agency reaches a final conclusion either in the form of an award or a final order.

In view of these considerations and in the exercise of discretion the Court will deny the application for a temporary restraining order.

A transcript of this oral decision will constitute the findings of fact and conclusions of law.