The STATE of Texas, the Brotherhood of Locomotive Engineers, Brotherhood of Locomotive Firemen and Enginemen and Brotherhood of Railroad Trainmen, Appellants,

v.

SOUTHERN PACIFIC COMPANY et al., Appellees.

No. 11330.

Court of Civil Appeals of Texas.

Austin.

June 9, 1965.

Rehearing Denied June 30, 1965.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, 1st Asst. Atty. Gen., Edward R. Moffett, Robert W. Norris, Asst. Attys.

Gen., Proctor & Jones, Les Proctor, Robert D. Jones, Austin, for appellants.

Baker, Botts, Shepherd & Coates, Tom M. Davis, Houston, Walter Caven, Austin, for appellees.

ARCHER, Chief Justice.

The Attorney General of Texas brought suit in behalf of appellant State of Texas against appellee Southern Pacific Company, alleging that said company was failing to observe the terms and provisions of Article 6380, Vernon's Ann.Civ.St., by operating freight, gravel and construction trains without all of the five crew members required by said Article 6380 to be present and by operating light engines without all of the three crew members required by said Article 6380 to be present. Appellant State of Texas sought declaratory judgment that said Article 6380 applied to appellee company in its above mentioned operations and further sought injunctive relief, restraining said appellee company from violating said Article 6380 in its above mentioned operations in the future. After answering appellee company filed its motion for summary judgment to which motion appellant State of Texas filed its answer in opposition. Appellee company was joined in its posture by appellee Railroad Company Intervenors. Appellant State of Texas was joined in its position by appellant Railroad Brotherhoods intervenors, who also filed an answer, supported by affidavits, in opposition to appellees' motion for summary judgment and which said answer with supporting affidavits was adopted by the appellant State of Texas. Upon hearing, the court granted appellees' motion for summary judgment.

The appeal is founded on three points and are as follows:

"FIRST POINT OF ERROR: The error of the court in holding that the pleadings, stipulations of fact and the affidavits show an absence of genuine issue of any material fact.

SECOND POINT OF ERROR: The error of the court in holding that the doctrines of res judicata and estoppel by judgment apply to this case.

THIRD POINT OF ERROR: The error of the court in holding that Public Law 88–108 preempts Article 6380 V.A.C.S."

Appellants say that Article 6380 was passed as a safety measure to protect crew, public and property by requiring the presence of an engineer, fireman, conductor and two brakemen aboard all freight trains; that proper and safe operation of the modern diesel freight train, which averages five engines and many cars, requires the presence of all crew members named in the article, and that the issue of safety should be ascertained upon a trial of this cause on its merits; that justiciable issues of fact were raised and can be supported in fact, and that summary judgment should not have been entered.

Appellants contend that the holding of the court in the case of Railroad Commission v. Texas and New Orleans Railroad Company, Tex.Civ.App., 42 S.W.2d 1091, er. ref., is not res judicata of the issues in this case, and the State is not estopped to bring this suit because the identity of the causes of action is indispensable to the operation of the judgment as a bar to a subsequent suit between the parties, and cite Rushing v. Mayfield Co., Tex.Civ.App., 104 S.W.2d 619, reversed on other grounds.

Appellants seek to distinguish the T. & N.O. case, supra, by the wording of the prayer in seeking relief as to operations of motor cars and motor trains, and the use of the phrase passenger motor trains, and motor cars, and the issue and question of a full blown freight train pulled by a motor engine, and as a consequence there is no identity of the causes of action.

Appellants' third point is directed to the holding by the trial court that Public Law 88–108 preempts Article 6380, and claim

that Congress did not intend to preempt the field, and that if Congress had intended preemption, such must be clearly manifested, citing H. P. Welch Company v. State of New Hampshire, 306 U.S. 79, 59 S.Ct. 438, 83 L.Ed. 500 and Cloverleaf Butter Company v. Patterson, 315 U.S. 148, 828, 62 S. Ct. 491, 86 L.Ed. 754, 1223.

Appellants contend that the Commerce Clause of itself does not displace State Police Power over local incidents of interstate commerce, citing a number of cases, the latest is Port Richmond & Bergen Point Ferry Co. v. Board of Chosen Freeholders, 234 U.S. 317, 34 S.Ct. 821, 58 L.Ed. 1330.

Appellants cite the case of Chicago, R. I. & Pac. Ry. Co. v. State of Arkansas, 219 U.S. 453, 31 S.Ct. 275, 55 L.Ed. 290, as construing a full crew law similar to that of Texas.

Appellees by counterpoints claim that Article 6380 does not apply to diesel-electric locomotives or trains handled thereby, and that the Federal Government has preempted the field and that the State of Texas has no right to regulate the size or consist of engines or train crews engaged in interstate commerce.

■ The history of Article 6380 and the Attorney General's opinions incident thereto are set forth in the opinion of this Court in Railroad Commission v. Texas & New Orleans R. Co., Tex.Civ.App., 42 S.W.2d 1091, er. ref., and we will not restate such, but believe that the issues which plaintiff seeks to have determined herein have been litigated to a conclusion and finally settled adverse to plaintiff's present contentions.

Then too, in Railroad Commission of Texas v. Chicago, Rock Island and Pacific Railroad Company, Tex.Civ.App., 291 S.W. 2d 796, er. ref., this Court had before it the issue of whether Article 6380 is applicable to the operation of diesel propelled Budd cars, and whether that statute imposes any duty or obligation upon the appellee with

respect to who shall man such car in its operation, and held Article 6380, the Full Crew Law, did not apply to train operations in issue.

We have carefully reviewed the two cases above and the holdings therein as well as the reasonings and believe that such are correct.

These cases have been cited with approval in Western Pac. R. Co. v. State, 69 Nev. 66, 241 P.2d 846, 45 A.L.R.2d 429, Bressler v. Chicago & N. W. Ry. Co., 152 Neb. 732, 42 N.W.2d 617.

■ Since we believe that the issues herein have been correctly resolved we do not discuss in detail the question of the preemption of the field by the Federal Government or if the State of Texas has no right to regulate the size or consist of engine or train crews engaged in interstate commerce, but do believe that such has been done.

Public Law 88–108 provides in Section 3 that:

"* * * The arbitration board shall make a decision, pursuant to the procedures hereinafter set forth, as to what disposition shall be made of those portions of the carriers' notices of November 2, 1959, identified as 'Use of Firemen (Helpers) on Other Than Steam Power' and 'Consist of Road and Yard Crews' and that portion of the organizations' notices of September 7, 1960, identified as 'Minimum Safe Crew Consist' and implementing proposals pertaining thereto. The arbitration board shall incorporate in such decision any matters on which it finds the parties were in agreement, and shall, in making its award, give due consideration to those matters on which the parties were in tentative agreement. Such award shall be binding on both the carrier and organization parties to the dispute and shall constitute a complete and final disposition of the aforesaid

issues covered by the decision of the board of arbitration."

In Division 700, Brotherhood of Locomotive Engineers v. National Railway Labor Arbitration Board No. 282, D.C., 223 F.Supp. 377, it was stated:

"It is reasonable to assume, without deciding, that the Congress was invoking its power over interstate commerce and specifically over public utilities engaged in interstate commerce. Just as it has assumed power to regulate rates, through regulatory commissions, so it is now assuming power in this case to regulate working conditions, wages and similar matters through an Arbitration Board. An emergency may not create power, but it may give rise to an occasion to exercise a power that has been dormant or latent."

Award No. 282 rendered by the Arbitration Board under Public Law 88–108 was sustained in 225 F.Supp. 11, and this decision was affirmed in Brotherhood of Locomotive Firemen and Enginemen v. Certain Carriers, etc., 118 U.S.App.D.C. 100, 331 F.2d 1020, cert. den., 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187.

In Pennsylvania Ry. Co. v. Public Service Comm. of Pennsylvania, 250 U.S. 566, 40 S.Ct. 36, 64 L.Ed. 1142, a Pennsylvania statute, requiring the last car of every train to be equipped with a platform, guard rails, and steps, was held inapplicable to trains in interstate commerce. Mr. Justice Holmes stated:

" * * * when the United States has exercised its exclusive powers over interstate commerce so far as to take possession of the field, the States no more can supplement its requirements than they can annul them."

In Chicago Rock Island & Pacific Railroad Company v. Hardin, D.C., 239 F.Supp. 1, (March 5, 1965) a three-judge Federal Court held that Public Law 88–108 had preempted the field so as to nullify an Arkansas full-crew law.

The judgment of the trial court is affirmed.

Associate Justice Hughes limits his concurrence to the holding that the Federal Government has so acted as to suspend the provisions of Art. 6380 here involved.

Affirmed.